FILED'06 SEP 22 13:36 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IVA J. KING,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. CV 05-856-PK

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

**MOSMAN, J.,**

On May 8, 2006, Magistrate Judge Papak issued Findings and Recommendations ("F&R") (docket #18) in the above-captioned case recommending that the Commissioner's decision denying Ms. King's application for Disability Insurance Benefits and Supplemental Security Income be affirmed and the case be dismissed. On June 7, 2006, Ms. King filed objections (#22) to the F&R. On June 16, 2006, the Commissioner filed responses (#23) to Ms. King's objections.

In conducting my review of the F&R, I apply the following standard. The magistrate judge makes only recommendations to the court, to which any party may file written objections.

PAGE 1 - ORDER

The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, the court is free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

After reviewing the F&R, objections, and relevant materials, the court ADOPTS the magistrate judge's decision that the Commissioner's decision be upheld and the case be dismissed. Specifically, the court ADOPTS the magistrate judge's recommendation that the ALJ properly rejected Ms. King's pain testimony. The ALJ's credibility decision was sufficiently specific to conclude he did not arbitrarily discredit Ms. King's pain testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345-6 (9th Cir. 1991).

Furthermore, the magistrate judge was right in that Ms. Talley's opinion was outweighed by the contrary acceptable medical evidence. As a lay witness, Ms. Talley may not opine as to the existence of a disability or an impairment such as PTSD. 20 C.F.R. § 404.1513(d); 20 C.F.R. § 416.908(d). Her testimony may only be used to show the severity of such an impairment and its effect on Ms. King's ability to work. *Id.* As such, the ALJ did not commit reversible err by ignoring Ms. Talley's testimony because it established a disability and contradicted the acceptable medical evidence. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

It may even be true that an ALJ need not even consider incompetent lay testimony. *See Stout v. Comm'r of Soc. Sec. Admin.*, __ F.3d __, 2006 WL 2052306 (9th Cir. 2006). In any event, any possible errors are nothing more than harmless.

IT IS SO ORDERED.

DATED this 21st day of September, 2006.

                                               /s/ Michael W. Mosman
                                               MICHAEL W. MOSMAN
                                               United States District Court